UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>JENNIFER MICHELLE ELWARD,<br><br>　　　　　　　　Defendant. | Case No. 3:20-cr-00042-ART-CLB<br><br>ORDER |

Defendant Jennifer Michelle Elward is charged with two counts of False Statement in Acquisition of Firearm and five counts of False Statement in Attempted Acquisition of Firearm, all in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2). (ECF No. 41.) On October 13, 2022, the government submitted a Notice of Expert Testimony for Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Special Agent Joshua Caron which indicated that Special Agent Caron would testify both as an expert on firearms, federal and state requirements relating to the purchasing of firearms, and common attributes of "straw purchases" of firearms, as well as testify as a lay witness based on his participation in the investigation of Ms. Elward. (ECF No. 28.) Ms. Elward challenged the admission of Special Agent Caron's expert testimony but did not contest his lay testimony as a percipient witness. (ECF No. 38.) In response, the government stated that it will no longer seek to admit Special Agent Caron as an expert but will nonetheless seek to admit his lay testimony. (ECF No. 54.) This order identifies the permissible topics of Special Agent Caron's lay testimony and prohibits him from offering impermissible expert testimony.

I.　**LEGAL STANDARD**

The relationship between lay and expert testimony is proscribed by Rules 701 and 702 of the Federal Rules of Evidence ("FRE"). Under Rule 701(c), a lay

witness can testify in the form of an opinion but cannot offer an expert opinion based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Rule 701(c) is designed to prevent the admission of what should be expert testimony, which would require findings of reliability under Rule 702, by simply labelling it lay testimony. *See* FRE 701 (Committee Notes on Rules, 2000 Amendment) ("[A] witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

Here, the government has withdrawn from seeking to admit Special Agent Caron's testimony as an expert witness, but nonetheless seeks to admit his testimony as a lay witness and has not modified the topics of his proposed testimony. Ms. Elward does not object to Special Agent Caron's lay testimony. Because there exists the possibility that Special Agent Caron's testimony on certain topics might amount to expert testimony under FRE 702, the Court in exercising its gatekeeping function must consider whether any portions of Special Agent Caron's proposed testimony are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FRE 701(c); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141–42 (1999) (applying Rule 702 to expert testimony that is based on experience and other technical knowledge). The Court will also consider certain proposed testimony for relevance under Rule 401 and risk of unfair prejudice under Rule 403.

**II.   SPECIAL AGENT CARON'S PROPOSED TESTIMONY**

In its Notice of Expert Testimony, the government explained that it sought to introduce expert testimony from Special Agent Caron on: (1) the identification of the firearms purchased by the defendant; (2) the federal firearm licensing requirement and federal and state requirements regarding the sales of firearms of those holding a federal firearms license; and (3) common attributes of unlawful

firearm sales, particularly with reference to "straw purchases" of firearms and common motivations for "straw purchases." (ECF No. 28.) Specifically, the government proposed that Special Agent Caron would identify the firearms that were purchased by or attempted to be purchased by Ms. Elward, including the make, model, caliber, etc. of the firearms in question. He would testify that the firearms purchased or attempted to be purchased were all semiautomatic pistols, and the majority were 9mm caliber pistols.

The government proposed that Special Agent Caron testify about the federal firearm licensing requirement for the sale of firearms in Nevada and the ATF's Form 4473, a "Firearms Transaction Record." (*Id.*) The government proposed that Special Agent Caron: (1) explain to the jury that those who purchase firearms from a federal firearms licensee are prohibited from buying a firearm on behalf of someone else and that this prohibition is conveyed on the ATF's Firearms Transaction Record; and (2) provide testimony about the Form 4473, including how it is filled out, by whom, the information it communicates to the person filling out the form, and the requirement that the person filling out the form confirm to the form's accuracy.

The government also sought to have Special Agent Caron testify generally that: (1) "straw purchasing" is purchasing firearms on behalf of another person, who is the actual buyer and the person buying the gun on behalf of the actual buyer is known as the "straw purchaser;" (2) an actual buyer who is prohibited from purchasing a firearm may use a straw purchaser; and (3) it is common for the straw purchaser to get some benefit, often financial, from the transaction. (*Id.*) The government sought to admit Special Agent Caron's testimony that the firearms purchased by Defendant are not typical of a gun collector and that buying multiple similar handguns is not generally indicative of a firearms collector and is often indicative of straw purchasing. (*Id.*)

The government proposed that Special Agent Caron testify about some of

the investigative tools and sources he utilizes in straw purchasing investigations, such as firearm tracing, Time to Crime (TTC) and multiple sales reports. (*Id.*)

The government argued that this testimony is relevant and necessary to provide context to a lay jury as to the characteristics of straw purchases of firearms and why such purchases are likely to be made. This testimony will also explain how Special Agent Caron investigates straw purchasing cases and why he did what he did in this investigation. As the government is alleging that the defendant acted as a straw purchaser of firearms on behalf of another person, the government argues that this testimony will provide a framework to assist the jury in understanding Ms. Elward's activities and statements in this case. Further, testimony about the common attributes of the "straw purchasing" of firearms will show the general practice of criminals to establish Ms. Elward's modus operandi. (*Id.*)

**III.   DISCUSSION**

The Court prohibits or limits the following topics because they are based on the type of scientific, technical, and specialized knowledge within the scope of Rule 702, and also due to lack of relevance under Rule 401 and risk of prejudice under Rule 403:

**A.   The definition of "straw purchase"**

The term "straw purchase" does not appear in 18 U.S.C. §§ 922(a)(6) or 924(a)(2). Special Agent Caron's knowledge of the term likely comes from his specialized training and experience, making it properly the subject of Rule 702. It is an informal term which is not in common knowledge. The term also carries with it an implication of criminality that is likely to be prejudicial. FRE 403. The Court acknowledges that Special Agent Caron used the term repeatedly when interviewing Ms. Elward during his investigation. The Court will allow Special Agent Caron to briefly explain the definition of the term but prohibits him from using the term beyond explaining its meaning. Counsel for the government may

not use the term in opening or closing statements or at any other time.

**B.     Whether it is common for a "straw purchaser" to get some benefit, often financial, from the transaction**

Testimony regarding the common motives of straw purchasers is based on the kind of specialized experience and training that would make it properly the subject of Rule 702. Testimony of criminal profiles is highly undesirable as substantive evidence because it is of low probative value and is inherently prejudicial. *United States v. Wells*, 879 F.3d 900, 921 (9th Cir. 2018) ("Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officials in investigating criminal activity."). It may also be impermissible character evidence, that is, evidence that a person acted in accordance with a certain character trait on a particular occasion. FRE 404(a)(1). Expert testimony on criminal profiles may be permitted in narrow circumstances, such as if there is a substantial need to explain a complex topic to the jury like the structure of a sophisticated criminal enterprise. *United States v. Lui*, 941 F.2d 844, 848 (9th Cir. 1991). Therefore, testimony regarding the common motive(s) of straw purchasers will not be permitted.

**C.     Whether it is common for an actual buyer who is prohibited from purchasing a firearm to use a "straw purchaser"**

This testimony is based on the kind of specialized experience and training that would make it properly the subject of Rule 702 and raises the same concerns regarding criminal profile evidence as described above. Therefore, this testimony will not be permitted.

**D.     Common attributes of "straw purchasers" of firearms and whether buying multiple similar handguns is commonly indicative of a straw purchaser and not a firearms collector**

This testimony is based on the kind of specialized experience and training that would make it properly the subject of Rule 702 and raises the same concerns

regarding criminal profile evidence as described above. Therefore, this testimony will not be permitted.

### E. A legal overview of federal and state laws regarding persons who are prohibited from buying firearms and ATF Form 4473

Testimony that categories of individuals are legally prohibited from buying and possessing of firearms is irrelevant, prejudicial, and would invade the Court's role in instructing the jury on the law. Ms. Elward's guilt does not turn on whether the person she allegedly bought firearms on behalf of was legally ineligible to own firearms. *Abramski v. United States*, 134 S. Ct. 2259, 2273 (2014). Testimony regarding the prohibition of firearm sales to certain categories of individuals is thus irrelevant. Such testimony gives Special Agent Caron's lay testimony a veneer of legal expertise and may be overly prejudicial in that it suggests that Ms. Elward's motive was to procure firearms for a prohibited person. While facts adduced at trial may or may not bear out that theory, Agent Caron will not be permitted to provide the jury with a legal overview of federal and state law regarding categories of persons who are prohibited from buying firearms and invite the jury to speculate about Ms. Elward's motives in this case.

With respect to ATF Form 4473, Special Agent Caron may testify as to his involvement in this case, including his review of the ATF Forms at issue in this case. The jury will have the ATF Form 4473, which speaks for itself, and includes detailed instructions and definitions and delineates relevant rules and regulations related to the purchasing and selling of firearms. Further explanation by Special Agent Caron regarding how it is filled out, by whom, the information it communicates to the person filling out the form, and the requirement that the person filling out the form confirm to the form's accuracy is cumulative. It also risks confusing the issues by distorting the plain language of the form. Thus, Special Agent Caron's proposed expert testimony regarding the form is more prejudicial than probative.

### F. Requirements for firearms licensees to become licensed

The government is required to prove that the firearms distributor which Ms. Elward allegedly acquired or attempted to acquire firearms from was licensed. Therefore, Special Agent Caron may testify as to his investigation in this case as to whether any firearm dealer involved in this case was licensed or not. Generalized testimony regarding federal or state licensing requirements is not relevant to any fact at issue and would be likely based on technical knowledge within the scope of Rule 702. Generalized testimony on such licensing requirements would carry the risk of undue prejudice by giving Special Agent Caron the appearance of a legal expert. Special Agent Caron may not testify as to the requirements that a firearms distributor must undertake to become licensed.

### G. Investigative tools, such as firearm tracing, Time to Crime, and multiple sales reports

Special Agent Caron may testify regarding his investigation of Ms. Elward in this case and describe the tools and methods he used in this investigation. Tools and sources not used in this case are irrelevant under Rule 401 and prejudicial under Rule 403 as they risk confusion of the issues and unfair prejudice as the proposed testimony suggests a broader swath of criminal activity is at issue than the activity alleged in this case. Such testimony is also clearly within the scope of Rule 702. Testimony about any investigative tool or source not used in this case will not be permitted.

## IV. CONCLUSION

It is therefore ordered that Special Agent Caron will not be qualified as an expert when testifying in this case.

It is further ordered that Special Agent Caron must limit his testimony and refrain from testifying as described in this order.

In light of this Order, the hearing currently scheduled for October 31, 2022, is hereby vacated.

DATED THIS 28th day of October 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE